SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
LISBERTH CREESE,

         Plaintiff,

  -against-

DFA DAIRY BRANDS TRANSPORTATION, LLC
and VLADIMIR FISH,

         Defendants.
------------------------------------------------------------------X

INDEX NO.:_____
Date Purchased:_____

**SUMMONS**

**Plaintiff Designates
Kings County as the
Place of Trial**

**The Basis of Venue is:
Plaintiff's Residence**

TO THE ABOVE-NAMED DEFENDANT(S):

  YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Suffolk, New York, within the time provided by law as noted below to file your answer to the annexed Verified Complaint with the Clerk; upon your failure to answer, judgment will be taken against you in the amount demands in the complaint, or later to be determined, with interest thereon from the filing of this suit, together with the costs of this action.

Dated: August 12, 2021
   Islip, New York

                  *[signature]*
                  **FRANK C. PANETTA, ESQ.**
                  **PANETTA AMINOV, PC**
                  *Attorneys for Plaintiff*
                  670 Main Street
                  Islip, New York 11751
                  (631)446-4411

*Defendants' addresses:*

DFA DAIRY BRANDS TRANSPORTATION, LLC   VLADIMIR FISH
1019 Flaxmill Road                71 Pond Hollow Drive
Huntington, IN 46750              Oak Ridge, NJ 07438

NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, you are allowed THIRTY days after proof of service is filed with the Clerk of this Court within which to appear and answer.

**PLEASE IMMEDIATELY TRANSMIT THIS DOCUMENT TO YOUR INSURANCE COMPANY. YOUR FAILURE TO DO SO MAY RESULT IN YOUR PERSONAL LIABILITY FOR ANY JUDGMENT.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------X
LISBERTH CREESE,

                          Plaintiff,

   -against-

DFA DAIRY BRANDS TRANSPORTATION, LLC
and VLADIMIR FISH

                        Defendants.

--------------------------------------------------------------X

INDEX NO.:_____

**VERIFIED COMPLAINT**

      Plaintiff, **LISBERTH CREESE**, by her attorneys, **PANETTA AMINOV, PC**, complaining of the Defendants above named, respectfully alleges as follows:

### THE PARTIES

1. At all times herein mentioned, Plaintiff LISBERTH CREESE was and remains a resident of the County of Kings, State of New York.

2. That upon information and belief, at all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC was and remains a domestic corporation, duly authorized to conduct and transact business in the State of New York.

3. That upon information and belief, at all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC was and remains a foreign corporation, duly authorized to conduct and transact business in the State of New York.

4. That upon information and belief, at all times herein mentioned Defendant VLADIMIR FISH was and remains a resident of the County of Passaic, State of New Jersey.

5. That upon information and belief, at all times herein mentioned, Defendant VLADIMIR FISH was and remains an agent, servant and/or employee of Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT DFA DAIRY BRANDS TRANSPORTATION, LLC

6. At all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC owned a certain 2016 Freightliner bearing Indiana State plate number 2360513.

7. At all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC operated a certain 2016 Freightliner bearing Indiana State plate number 2360513.

8. At all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC controlled a certain 2016 Freightliner bearing Indiana State plate number 2360513.

9. At all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC managed a certain 2016 Freightliner bearing Indiana State plate number 2360513.

10. At all times herein mentioned, Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC maintained a certain 2016 Freightliner bearing Indiana State plate number 2360513.

11. At all times herein mentioned, Defendant VLADIMIR FISH, an agent, servant, and/or employee of Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC operated and drove said 2016 Freightliner bearing Indiana State plate number 2360513 with the consent and permission of Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC.

12. At all times herein mentioned, Linden Boulevard, at or near its intersection with Elderts Lane, in the County of Kings, in the City and State of New York, was a public roadway and/or thoroughfare.

13. That on or about December 30, 2020, Plaintiff LISBERTH CREESE was lawfully and rightfully operating a 2016 Nissan motor vehicle bearing New York State plate number HXE9690 at the abovementioned location.

14. That on or about December 30, 2020, at the aforementioned location and time, the motor

vehicle owned, operated, controlled, managed and maintained by Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC was caused to come into a collision with the vehicle operated and occupied by Plaintiff LISBERTH CREESE.

15. That as a result of the aforesaid contact, Plaintiff LISBERTH CREESE was seriously injured.

16. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC and without any fault or negligence on the part of the Plaintiff contributing thereto.

17. Defendant DFA DAIRY BRANDS TRANSPORTATION, LLC was negligent, careless and reckless in the ownership, operation, control, management and maintenance of the above-mentioned automobile on the date, time and place aforementioned in that he failed to keep a proper lookout and watch; failed to keep their motor vehicle under proper and safe control; operated their motor vehicle at dangerous rates of speed; failed to observe proper laws and traffic signals; failed to yield the right of way; failed to be observant of the safety of the Plaintiffs; failing and omitting to provide and/or make proper and timely use of braking mechanisms, signal devices and steering devices; in failing to give sign, signal or warning of the approach by horn or otherwise; in failing to be reasonably alert; in failing to avoid Plaintiff's vehicle; in failing to avoid a collision; in failing to look in the direction in which the vehicle was traveling; caused the above-mentioned vehicle to come into contact with the Plaintiff's person without any negligence on the part of the Plaintiff contributing thereto, and was further negligent in other respects.

18. That by reason of the foregoing, Plaintiff LISBERTH CREESE suffered severe, serious and, upon information and belief, permanent personal injuries; and Plaintiff was otherwise

damaged.

19. That Plaintiff LISBERTH CREESE sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law.

20. That Plaintiff LISBERTH CREESE sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

21. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

22. That by reason of the foregoing, Plaintiff LISBERTH CREESE has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT VLADIMIR FISH**

23. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of the Complaint designated "1" through "22", inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

24. At all times herein mentioned, Defendant VLADIMIR FISH owned a certain 2016 Freightliner bearing Indiana State plate number 2360513.

25. At all times herein mentioned, Defendant VLADIMIR FISH operated a certain 2016 Freightliner bearing Indiana State plate number 2360513.

26. At all times herein mentioned, Defendant VLADIMIR FISH controlled a certain 2016 Freightliner bearing Indiana State plate number 2360513.

27. At all times herein mentioned, Defendant VLADIMIR FISH managed a certain 2016 Freightliner bearing Indiana State plate number 2360513.

28. At all times herein mentioned, Defendant VLADIMIR FISH maintained a certain 2016

Freightliner bearing Indiana State plate number 2360513.

29. At all times herein mentioned, Linden Boulevard, at or near its intersection with Elderts Lane, in the County of Kings, in the City and State of New York, was a public roadway and/or thoroughfare.

30. That on or about December 30, 2020, Plaintiff LISBERTH CREESE was lawfully and rightfully operating a 2016 Nissan motor vehicle bearing New York State plate number HXE9690 at the abovementioned location.

31. That on or about December 30, 2020, at the aforementioned location and time, the motor vehicle owned, operated, controlled, managed and maintained by Defendant VLADIMIR FISH was caused to come into a collision with the vehicle operated and occupied by Plaintiff LISBERTH CREESE.

32. That as a result of the aforesaid contact, Plaintiff LISBERTH CREESE was seriously injured.

33. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant VLADIMIR FISH and without any fault or negligence on the part of the Plaintiff contributing thereto.

34. Defendant VLADIMIR FISH was negligent, careless and reckless in the ownership, operation, control, management and maintenance of the above-mentioned automobile on the date, time and place aforementioned in that he failed to keep a proper lookout and watch; failed to keep the motor vehicle under proper and safe control; operated the motor vehicle at dangerous rates of speed; failed to observe proper laws and traffic signals; failed to yield the right of way; failed to be observant of the safety of the Plaintiffs; failing and omitting to provide and/or make proper and timely use of braking mechanisms, signal devices and steering devices;

in failing to give sign, signal or warning of the approach by horn or otherwise; in failing to be reasonably alert; in failing to avoid Plaintiff's vehicle; in failing to avoid a collision; in failing to look in the direction in which the vehicle was traveling; caused their above-mentioned vehicle to come into contact with the Plaintiff's person without any negligence on the part of the Plaintiff contributing thereto, and were further negligent in other respects.

35. That by reason of the foregoing, Plaintiff LISBERTH CREESE suffered severe, serious and, upon information and belief, permanent personal injuries; and Plaintiff was otherwise damaged.

36. That Plaintiff LISBERTH CREESE sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law.

37. That Plaintiff LISBERTH CREESE sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

38. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

39. That by reason of the foregoing, Plaintiff LISBERTH CREESE has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE,** Plaintiff LISBERTH CREESE demands judgment against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

Dated: August 12, 2021
      Islip, New York

**FRANK C. PANETTA, ESQ.**
**PANETTA AMINOV, PC**
*Attorneys for Plaintiff*
670 Main Street
Islip, New York
(631) 446-4411

*Defendants' addresses:*

| | |
|---|---|
| DFA DAIRY BRANDS TRANSPORTATION, LLC<br>1019 Flaxmill Road<br>Huntington, IN 46750 | VLADIMIR FISH<br>71 Pond Hollow Drive<br>Oak Ridge, NJ 07438 |

# VERIFICATION

STATE OF NEW YORK )

                ss.: )

COUNTY OF SUFFOLK )

    The undersigned, FRANK C. PANETTA, is an attorney and partner of the firm of PANETTA AMINOV, P.C., with offices at 670 Main Street, Islip, County of Suffolk, duly admitted to practice law in the Courts of the State of New York, states:

    That Deponent is the attorney of record for LISBERTH CREESE, Plaintiff in the within action. That Deponent has read the foregoing SUMMONS & COMPLAINT and knows the contents thereof. That same is true to the Deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters, Deponent believes it to be true.

    Deponent further states that the reason this Verification is made by Deponent and not by LISBERTH CREESE, as she is a resident of KINGS COUNTY, which is outside of the County where PANETTA AMINOV maintains their office. That the source of Deponent's information, and the grounds of Deponent's belief as to all matters herein, not therein stated upon knowledge, are records, reports and correspondence in connection with this matter reviewed by your Deponent.

Dated: August 12, 2021
Islip, New York

                                                       FRANK C. PANETTA; ESQ.
                                                       **PANETTA AMINOV, PC**
                                                       *Attorneys for Plaintiff*
                                                       670 Main Street
                                                       Islip, New York